IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM GARCIA,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 70874

FILED

OCT 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Adam Garcia argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Garcia's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Garcia is serving a sentence pursuant to such a statute for a weapon enhancement related to an attempted sexual assault

---

[1]Having considered Garcia's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37093

committed on or between July 17, 1997, and June 30, 2007.[2] *See* NRS 193.165 (1995) (providing sentence weapon enhancement based on sentence for primary offense); NRS 193.330(1)(a)(1) (setting forth sentencing range for attempt to commit a category A felony). Consistent with *Williams*, the credits that Garcia has earned pursuant to NRS 209.4465 should be applied to his parole eligibility on the sentence he is serving. The district court erred in ruling to the contrary.[3] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]Garcia cannot be granted any relief on his claim as to his parole eligibility on the primary sentence for attempted sexual assault or the sentence for indecent exposure because he has already discharged those sentences. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. He also cannot be granted relief to the extent that he asserts the minimum sentence for sexual assault was in error. We nonetheless note that NRS 193.330(1)(a)(1) does not mandate a minimum sentence of 2 years; rather, it sets the floor for a minimum term and affords the sentencing court discretion to impose a longer minimum term.

[3]If Garcia has already expired the sentence or appeared before the parole board on the enhancement sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. It is unclear from the record whether Garcia has appeared before the parole board or discharged the enhancement sentence. The district court may consider any evidence in that respect on remand.

cc: Hon. James E. Wilson, District Judge
Adam Ralph Garcia
Attorney General/Carson City
Carson City Clerk